UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 02-40012-NMG |
| | ) | Cr. No. 04-40006-NMG |
| MIAN AHMED, | ) | |
| | ) | |
| Defendant | ) | |

**GOVERNMENT'S MOTION FOR CONSOLIDATION OF INDICTMENTS FOR TRIAL**

The United States of America, by Michael J. Sullivan, U.S. Attorney, and John M. Hodgens, Jr. and Paul G. Casey, Assistant U.S. Attorneys, hereby moves the Court for an Order directing that the Indictments in Cr. No. 02-40012-NMG ("the arson case") and Cr. No. 04-40006-NMG ("the bail jumping case") be consolidated for trial, pursuant to Fed. R. Crim. P. 8(a) and 13.

**Background**

Mian Ahmed (hereinafter "Ahmed"), who is the lone defendant in the above-captioned pending prosecutions, failed to appear for trial on the arson case on January 26, 2004. Subsequently, on March 10, 2004, a grand jury charged Ahmed with bail jumping. Ahmed remains a fugitive.

**The Law**

"Under Rule 13, Fed. R. Crim. P, the court may order that two or more indictments be tried together if the offenses could have been joined in a single indictment. Rule 8(a) sets forth the test for joinder." United States v. Ritch, 583 F.2d 1179, 1180 (1st Cir.), cert. denied, 439 U.S. 970 (1978)(No

impermissible prejudice from joinder of cocaine and bail jumping charges). "It is well established that a charge of bail jumping or escape may be deemed sufficiently "connected" with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and the appellant's custody stemmed directly from the substantive charges." Id., at 1181.

### Argument

Here, there is a sufficient nexus between Ahmed's failure to appear and the substantive offense of arson. First, the offenses are related in time - along an unbroken continuum. The arson took place in April, 2000. A grand jury charged Ahmed with arson in July, 2002. Ahmed remained at liberty pending trial, which was scheduled to commence on January 26, 2004, at Worcester. Ahmed failed to appear on that date, which gave rise to the bail jumping charge. Ahmed's failure to appear was an effort to avoid prosecution. Ahmed's breach of his release conditions [as opposed to his escape from custody] stemmed directly from the impeding trial. Consolidation of the Indictments in these cases makes complete sense.

In addition to satisfying the nexus standard laid down in Ritch, consolidation makes sense from the standpoint of judicial economy. Presenting evidence of flight at two separate trials makes little sense if the evidence of the bail jumping is

admissible in the arson case in any event. In this regard, the Government expects to offer evidence of Ahmed's failure to appear at the arson trial, as well as his subsequent flight. "[C]ourts have consistently held that evidence of flight is admissible, from which the jury may draw an inference of guilt." Id., at 1181. "[S]ince the facts concerning [Ahmed's] failure to appear for trial would have been admissible at trial of the [arson] charges in any event, no prejudice [arises] from joinder of the offenses." Id., at 1181.

## Conclusion

For the reasons set out herein, the Government's motion should be allowed.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: /s/ John M. Hodgens, Jr.
JOHN M. HODGENS, JR.
PAUL G. CASEY
Assistant U.S. Attorneys

ss., Worcester

**CERTIFICATE OF SERVICE**

 I, John M. Hodgens, Jr., Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by (fax) (mail) ~~hand~~ on the below-named on this the 16th day of March, 2004.

*/s/ John M. Hodgens, Jr.*
JOHN M. HODGENS, JR.
Assistant U.S. Attorney

J.W. Carney, Jr., Esq.
Andrew M. D'Angelo, Esq.
Carney & Bassil
20 Park Plaza
Boston, MA 02116

4